UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RUQAYYAH SHABAZZ,

                              Plaintiff,

                      -against-

CITY OF NEW YORK; Police Officer GUISSEPPE MURIALE, Shield No. 5291; Sergeant WILLIAM KELSCH, Shield No. 99; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 6417 (GHW)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Ruqayyah Shabazz ("plaintiff" or "Ms. Shabazz") is a resident of Bronx County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Giussepe Muriale, Shield No. 5291 ("Muriale"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Muriale is sued in his individual and official capacities.

10. Defendant Sergeant Willliam Kelsch, Shield No. 99 ("Kelsch"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelsch is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     Prior to the incident described herein, Ms. Shabazz had never been arrested.

15.     At approximately 8:45 a.m. on April 16, 2014, Ms. Shabazz was lawfully on her way to work in Manhattan.

16.     Plaintiff entered the 3rd Avenue – 138th Street Subway station in the Bronx, swiped her Metrocard and boarded a Manhattan-bound 6 train.

17.      When the train stopped at the 86th Street – Lexington Avenue station in Manhattan, there was an announcement that the train was going out of service and all passengers were required to disembark.

18.      Ms. Shabazz left the train with her fellow passengers and walked on the platform toward the station exit.

19. Before she reached the exit, Ms. Shabazz encountered MTA Station Supervisor Mohammed Hamid, who was holding a gate open.

20. From the platform side of the gate, Ms. Shabazz asked Mr. Hamid whether bus transfer tickets would be provided to passengers in light of the service disruption.

21. Mr. Hamid replied, in sum and substance, that he was not sure and instructed Ms. Shabazz to wait while he found out.

22. While Ms. Shabazz was waiting on the platform as instructed, defendant Muriale called over to her.

23. When Ms. Shabazz approached him, defendant Muriale demanded her Metrocard and accused her of entering the station without payment.

24. Ms. Shabazz provided her Metrocard and truthfully explained that she had been a passenger on the 6 train and was waiting on the platform at the instruction of an MTA employee.

25. Defendant Muriale grabbed Ms. Shabazz, shoved her against a wall, handcuffed her extremely tightly and brought her to a corner.

26. Mr. Hamid returned and was surprised to find Ms. Shabazz in police custody.

27. Mr. Hamid spoke to the officers and confirmed what Ms. Shabazz had told them.

28. One of the defendants told Mr. Hamid, in sum and substance, that he still would not release Ms. Shabazz because she was being "disorderly."

29. At no point was Ms. Shabazz disorderly, nor had she committed any other crime or offense.

30. Ms. Shabazz repeatedly requested that the excessively tight handcuffs be loosened, but defendants refused.

31. Ms. Shabazz was led from the station in handcuffs and brought up to a waiting police vehicle.

32. At the police vehicle, plaintiff again requested that her handcuffs be loosened.

33. In response, a defendant tightened the handcuffs.

34. Ms. Shabazz was wedged into the police vehicle and taken to Union Square.

35. Ms. Shabazz was led in handcuffs from the police vehicle along Union Square to a police precinct inside the Union Square Subway station.

36. Ms. Shabazz was placed in a disgusting cell inside the precinct.

37. At the precinct, defendants falsely informed employees of the New York County District Attorney's office that Ms. Shabazz had committed theft of services and trespass and completed false paperwork regarding the circumstances of plaintiff's arrest.

38. Ms. Shabazz was then taken to Manhattan Central Booking, also known as The Tombs.

39. Ms. Shabazz was arraigned and the criminal charges were adjourned in contemplation of dismissal.

40. After spending over ten hours in custody, Ms. Shabazz was finally released.

41. Ms. Shabazz continues to suffer pain and discomfort from the physical injuries she sustained in the incident and has required continuing medical treatment, including physical therapy.

42. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

43. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

44. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

45. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

54. Plaintiff was conscious of her confinement.

55. Plaintiff did not consent to her confinement.

56. Plaintiff's confinement was not otherwise privileged.

57. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## State Law Assault and Battery

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

64. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## Denial Of Constitutional Right To Fair Trial

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The individual defendants created false evidence against plaintiff.

68. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

69. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

73. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

74. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

75. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

76. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

77. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

79. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

80. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

84. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

85. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

-13-

88. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

89. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

90. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   December 15, 2014
         New York, New York

                                      HARVIS WRIGHT & FETT LLP

                                      _____
                                      Gabriel Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@hwf.nyc

                                      *Attorneys for plaintiff*