

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

March 24, 2015

**By ECF**
Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Shabazz v. City of New York.*, 14 CV 6417 (GHW)

Your Honor:

I represent plaintiff in the above-referenced matter. I write jointly with defense counsel pursuant to the Court's order dated March 16, 2015 in advance of the Initial Pretrial Conference on March 31, 2015 at 2:30 p.m.

1. **Plaintiff's Statement:**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the laws of the State of New York. In April 2014, Ms. Shabazz was arrested on a subway platform in Manhattan while on her way to work. Plaintiff contends that she was lawfully waiting at the instruction of an MTA Station Agent for a transfer ticket when she was approached and wrongfully arrested by the defendants. Plaintiff asserts claims of unlawful stop and search; false arrest; state law false imprisonment; excessive force; assault and battery; denial of fair trial; negligent hiring, training and retention; negligent and intentional infliction of emotional distress; and failure to intervene.

The primary factual and legal disputes concern the existence or absence of arguable probable cause for plaintiff's arrest and the reasonableness of the force used by the defendants.

**Defenses and Statement from Defendants:**

I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing defendants City of New York and P.O. Muriale ("Defendants") in the above referenced matter, which has been designated for participation in the Southern District Plan for Certain ¶1983 Cases Against the City of New York. A review of the docket indicates that an amended complaint was filed in this case adding Sgt. William Kelsch as a defendant and a summons was returned executed on January 12, 2015. Since this case did not settle at mediation on March 11, 2015, I anticipate that the Office of the Corporation Counsel will be filing an answer on the Sargent's behalf.

The defendants' understanding of the facts of this case is that on April 16, 2014, at approximately 8:55 am at the subway station at 86th Street and Lexington Avenue, PO Muriale saw the plaintiff walk through a subway gate and onto the platform without paying a fare. The officer asked the plaintiff for ID but she refused to comply. She told the officer that she had been speaking with an MTA employee. When the plaintiff got loud and disorderly on the crowded subway platform, the officer handcuffed her. When the plaintiff complained that the cuffs were too tight the police loosened them. The plaintiff was lawfully arrested and charged with disorderly conduct, theft of services and trespass and transported to the precinct at Union Square and then to Central Booking. The plaintiff was in custody for a little less than 9 hours. She accepted an Adjournment in Contemplation of Dismissal to resolve the criminal matter.

The only records disclosed by the plaintiff until today regarding any purported physical injury are physical therapy records, however, the intake form for that provider appears to be dated June 17, 2014, two months after plaintiff's arrest. In the physical therapy records, plaintiff reported that her pain had gotten progressively worse and she attributed her pain to her handcuffing by police. However, the records also indicate that plaintiff had a medical history relevant to her treatment which included prior slipped discs. In addition, on August 12, 2014, there is a note in the records indicating that a medical doctor said that plaintiff's condition was improving. Moments ago, late this afternoon, plaintiff disclosed medical records from a medical group provider. An initial review of those records reveals visits reflected on April 24, 2014, June 5, 2014 and July 11, 2014 and progress notes from August 2014 to early 2015.

Defenses include that there was reasonable suspicion to stop the plaintiff, that the plaintiff's arrest was lawful and based on probable cause, that any injury sustained

by the plaintiff was the result of her own conduct when approached by police, and that the individual officers named in this lawsuit are entitled to qualified immunity.

**2.     Jurisdiction:**

The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c). The parties do not dispute jurisdiction.

**3.     Contemplated Motions:**

Plaintiff does not contemplate any dispositive motions at this time. Defendants may make a summary judgment motion.

**4.     Status of Discovery:**

The parties have exchanged Initial Disclosures in accordance with the Plan.

**5.     Damages Claimed:**

Ms. Shabazz claims compensatory and punitive damages for her physical and emotional injuries. Plaintiff will also seek to recover her costs and reasonable attorneys' fees.

**6.     Status of Settlement Discussions**:

The parties have engaged in settlement negotiations and mediation. Without disclosing the amounts, defendants have made three offers, each of which has been declined. Negotiations are ongoing.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc:     Jennifer Schuman, Esq.