

305 Broadway, 14ᵗʰ Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

June 5, 2015

**BY ECF**
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Ruqayyah Shabazz v. City of New York, et al.*, 14 CV 6417 (GHW)

Dear Judge Woods:

I am a member of Harvis Wright & Fett, counsel for Ms. Ruqayyah Shabazz.  I write pursuant to Local Rule 37.2 to respectfully request an informal conference to address plaintiff's contemplated motion for an order compelling defendants to provide outstanding discovery by a date certain.  Pursuant to Rule 37(a)(1) and the Court's Individual Practices, counsel certifies that he has conferred with defense counsel extensively in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.[1]

Plaintiff's Statement

As the Court may recall, this case challenges plaintiff's April 2014 arrest on a subway platform in Manhattan while on her way to work.  Ms. Shabazz contends that she was lawfully waiting at the instruction of an MTA Station Agent for a transfer ticket when she was approached and wrongfully arrested by the defendants.

Plaintiff served her discovery demands by hand at the initial conference on March 31, 2015.  *See* Plaintiff's First Set of Discovery Demands, annexed hereto as Exhibit 1. Defendants served their responses, annexed hereto as Exhibit 2, on April 30, 2015.   As summarized below, many basic documents remain outstanding.

---

[1] The deficiencies outlined below were first brought to the attention of defense counsel, Jennifer Schuman, Esq., by e-mail dated May 4, 2015.  The undersigned and Ms. Schuman discussed each disputed item in detail during a 40-minute telephone call on May 12, 2015.  As to the items below, defendants have either refused to produce the material or refused to do so by a date certain.

Further, plaintiff learned for the first time during the parties' May 12th telephone call that an unidentified officer – and not defendant Sergeant Kelsch as previously indicated by defendants – was present for and involved in the disputed events. Plaintiff is now tasked with identifying this individual, joining him in the action, and planning and completing document discovery and depositions by the discovery deadline of July 29, 2015.  Accordingly, plaintiff respectfully requests that the Court order production of the following material by June 19, 2015.

1. <u>Document Request No. 3 – Officer Discovery:</u>  (a) (officer photographs);[2] (c) (IAB Resumes and underlying files for discoverable allegations); (d) (CCRB summaries and underlying files for discoverable allegations); (e) (defendant officers' CPIs); (f) (settlement stipulations in prior settled cases); (h) (personnel files); (i) (probationary and recruit files) (j) (force monitoring files);[3] and (m) (overtime documentation).

2. <u>Document Request No. 4 – Outstanding Documents Related to CCRB Case No. 201403878 (concerning plaintiff's disputed arrest).</u>

3. <u>Document Request No. 5 – Documents Related to the Incident:</u> (a) (omniform arrest and complaint reports); (e) (BADS arrest report history); (g) (OCA check of plaintiff); (h) (precinct roll call); (i) (command log entry); (j) (Sprint report(s), including tapes); (k) (plaintiff's mug shot); (l) (precinct prisoner roster); (m) (prisoner movement slip); (aa) (DAT investigation report); and (nn) (central booking medical screening form).

---

[2] *See Franks v. City of New York*, 13-CV-623 (JBW)(VMS), 2013 WL 6002946, at * 1 (E.D.N.Y. Nov. 12, 2013) ("Several courts in this Circuit have ordered the production of officers' photographs in civil rights cases, recognizing that this is a reasonable and efficient means of identifying relevant officers.") (collecting cases).

[3] "Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) (internal citations omitted) (collecting cases).  Indeed, courts consistently permit discovery of files underlying allegations of similar misconduct, or false statement, made to the CCRB or IAB or contained in a defendant officer's Central Personnel Index file, as well as officer performance evaluations.  *See, e.g., Id.*; *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); *Morrissey v. City of New York,* 171 F.R.D. 85, 88-89 (S.D.N.Y. 1997); *Malsh v. New York City Police Dept.*, 92-CV-2973 (KTD)(AJP), 1995 WL 217507 (S.D.N.Y. Apr. 11, 1995); *Pacheco v. City of New York,* No. 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006).

      4.  <u>Document Request No. 6 – E-Discovery of defendants' relevant text messages and e-mails, if any.</u>

<u>Defendants' Statement</u>[4]

<u>Conclusion</u>

For the foregoing reasons, Ms. Shabazz respectfully requests an informal conference to address plaintiff's contemplated motion for an order compelling defendants to provide outstanding discovery by a date certain.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc:    Jennifer Schuman, Esq. (by ECF)

---

[4]In accordance with Section 2(C)(ii) of the Court's Individual Practices, defense counsel, Jennifer Schuman, Esq., was provided with a draft of this letter by e-mail on May 27, 2015, and plaintiff requested that defendants provide their portion by June 3, 2015. Defendants never responded to plaintiff's email. Thus, by email dated June 4, 2015, plaintiff informed defendants that the instant letter would be submitted without their contribution. By e-mail this afternoon, defendants addressed the issue for the first time, stating that they would seek Court permission to respond to plaintiff's motion in two weeks. When the undersigned contacted Ms. Schuman by telephone today in response to her e-mail, Ms. Schuman indicated that defendants' portion of the letter was not forthcoming.