

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

June 24, 2015

**BY ECF**
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Ruqayyah Shabazz v. City of New York, et al.*, 14 CV 6417 (GHW)

Dear Judge Woods:

    I am a member of Harvis Wright & Fett, counsel for Ms. Ruqayyah Shabazz. I write to briefly outline plaintiff's opposition to defendants' application of yesterday evening.

    In their letter, which was e-mailed to plaintiff's counsel for the first time nine minutes before it was filed on ECF, defendants argue that the Court should grant them a three-week extension to comply with the Court's order dated June 9, 2015 (longer than the original period for compliance) because the parties were at one point somewhat close to settling and, inexplicably, because plaintiff filed an amended complaint with defendants' written consent pursuant to Fed. R. Civ. P. 15(a)(2). Defendants' letter should be denied for several reasons.

    First, defendants' application violates § 1(E) of the Court's Individual Practices ("Absent an emergency, [any request for an extension of time] must be made at least two business days prior to the original due date."). There does not appear to be any emergency underlying defendants' last-minute application. Second, in raising a purported discovery dispute regarding plaintiff's disclosure of medical records without conferring with plaintiff or participating in the joint letter process, defendants have contravened both § 2(C)(1) of the Court's Individual Practices and the Court's explicit direction during the June 9th telephone conference. *See* Transcript of 6/9/15 Telephone Conference, annexed hereto as Exhibit 1, p. 15, ln. 9-21 ("I will ask you both to submit to me a joint letter in response to the extent that there's an issue that you would like to raise with me."). As the Court may recall, this is the second time in a row that defense counsel has elected not to participate in the Court's mandated

joint-letter process regarding discovery disputes. *See* Exhibit 1, p. 16, ln. 6-7 ("Ms. Schuman, you chose not to participate in [the joint letter] process, and this call is a consequence of that.").

Third, defendants' application fails on the merits to present any legitimate justification for their failure to comply with the Court's June 9th order. Rather, defendants attempt to blame plaintiff for engaging in settlement discussions and amending the complaint with their consent. Far from excusing defendants' failure, it is impossible to fathom how these collateral issues could have any bearing whatsoever on defendants' compliance with this Court's orders. To make matters worse, in their attempts to further delay the matter and avoid their discovery obligations at all costs, defendants blatantly mischaracterize their own June 11, 2015 production of 23 pages of documents and impermissibly and inaccurately attempt to reveal the parties' confidential settlement discussions. Out of respect for the Court's requirement that such matters be addressed, where necessary, through a process of joint letter writing, plaintiff declines to specifically address each error and omission in defendants' description of the parties' prior communications.

Lastly, defendants' request should be denied because the proposed extension would prevent the parties from completing fact discovery before the current deadline. Plaintiff respectfully submits that she would be prejudiced by such delay.

In light of the foregoing, plaintiff respectfully requests that defendants' application be denied in its entirety.

Thank you for your attention to this matter.

                                                Respectfully submitted,

                                                Gabriel P. Harvis

Encl.

cc:     Jennifer Schuman, Esq. (by ECF)