UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RUQAYYAH SHABAZZ,

                        Plaintiff,                        14 CV 6417 (GHW)

        -against-

CITY OF NEW YORK, et al.,

                        Defendants.
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# FOR ATTORNEYS' FEES AND COSTS

HARVIS WRIGHT & FETT LLP
Gabriel P. Harvis, Esq.
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiff Ruqayyah Shabazz*

July 30, 2015

## Preliminary Statement

In this case, plaintiff Ruqayyah Shabazz – an African American woman who was then employed in the accounting department of Hunter College – alleges that she was falsely arrested inside the 86th Street and Lexington Avenue Subway station while on her way to work on the morning of April 16, 2014. Her train out of service, Ms. Shabazz was waiting at the instruction of an MTA supervisor for a transfer ticket when defendant Muriale called her over, demanded identification, pushed her against a dirty wall and violently handcuffed her in full view of her fellow commuters.

As an affidavit attached to the complaint explains, defendant Muriale insisted on arresting Ms. Shabazz, even after the MTA supervisor returned and explained the situation. Officers led Ms. Shabazz in handcuffs through a crowded Subway station, jailed her in a police precinct and sent her down to the "Tombs" in lower Manhattan to be booked on trespass and related charges they knew to be false. That arrest, Ms. Shabazz's first, was recorded on her permanent record, even though the criminal charges were adjourned in contemplation of dismissal. Ms. Shabazz also suffered physical injuries requiring several months of physical therapy and other treatment.

On June 25, 2015, defendants served an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $30,001, plus reasonable attorney's fees, expenses and costs to the date of the offer. *See* Docket Entry No. 33. With defendants' written

consent, plaintiff filed a notice of acceptance on July 15, 2015, *id.*, and judgment was entered on July 17, 2015.  *See* Docket Entry No. 36.

Plaintiff now moves for an award of attorney's fees, expenses and costs in the amount of $38,207.71, pursuant to Fed. R. Civ. P. 54 and the express terms of the defendants' offer of judgment.

### ARGUMENT

### POINT I

**THE FEES, COSTS AND EXPENSES SOUGHT ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY**

A. <u>Legal Standard</u>

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see*, *e.g.*, *Apolinario v. Luis Angie Deli Grocery Inc.*, 14-CV-2328 (GHW), 2015 WL 4522984, *2 (S.D.N.Y. July 27, 2015).  In *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence."  130 S. Ct. 1662, 1672 (2010) (internal citations omitted).  The Court further noted that this method was "readily administrable" and "objective;" and that "there is a 'strong presumption' that the lodestar figure is

reasonable." *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Courts may rely upon their own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiff Ruqayyah Shabazz is entitled to recover her legal fees based on an evaluation of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, both counsel's rates and the amount of time spent on the litigation are reasonable, and thus plaintiff should be permitted to recover the full amount sought.

**B.**     **The Rates Sought Are Reasonable**

Mr. Harvis' requested hourly rate is $400. Mr. Harvis has extensive experience in federal civil rights litigation and trial practice. *See* Declaration of Gabriel P. Harvis dated July 30, 2015 ("Harvis Decl."), ¶¶ 2-18.

Mr. Harvis has been awarded fees on three prior occasions. Following trial of *Fryar v. City of New York* before the Hon. Tucker L. Melançon in September 2011, he was awarded $285 per hour. *See* Report and Recommendation of the Hon. Marilyn D. Go, Docket Entry No. 55 (E.D.N.Y. Aug. 22, 2012), Harvis Decl., Exhibit 3. After the plaintiff's acceptance of a Rule 68 Offer in *Townes v. City of New York*, the Hon. Brian M. Cogan set Mr. Harvis' rate at $300 per hour. 12-CV-3201 (BMC), 2013 WL 153726 (E.D.N.Y. Jan. 15, 2013). In February 2014, the Hon. Colleen McMahon awarded Mr. Harvis plaintiff's requested hourly rate of $350 in *Lucas v. Port Authority*. 12-CV-3096 (CM), Docket Entry No. 58 (S.D.N.Y. Feb. 12, 2014). Since an hourly rate for Mr. Harvis was last set in this district seventeen months ago, he has, *inter alia*, successfully argued before the Second Circuit on the issue of qualified immunity and lectured on civil rights litigation at the Legal Aid Society. Harvis Decl., ¶¶ 17-18, 25 and Exhibits 3 and 4 thereto.

Courts in this district have awarded similar rates to civil rights counsel of Mr. Harvis' ability, expertise and experience. *See, e.g., Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015) (awarding experienced civil rights practitioners $500-650 per hour, and associates $350 per hour and collecting cases) ("[C]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged

from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.") (citation and quotation marks omitted).

The National Law Journal survey and Laffey Matrix, along with the Declarations of Scott A. Korenbaum and Jeffrey A. Rothman, demonstrate that $400 per hour is well within the range of "prevailing market rates in the relevant community," *Perdue*, 130 S. Ct at 1672 (quoting *Blum*, 465 U.S. at 895); Harvis Decl., ¶¶ 38-40 and Exhibits 5-8. Determining an appropriate hourly fee "may, of course, include judicial notice of the rates awarded in prior cases." *Fobotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

Ms. Shabazz seeks a $450 hourly rate for the limited work Ms. Fett performed in this case on her behalf. Ms. Fett has over sixteen years of specialized experience in civil rights litigation, as both plaintiffs' counsel and a senior government defense attorney. Declaration of Baree N. Fett dated July 30, 2015 ("Fett Decl."), ¶¶ 2-11. Ms. Fett has personally litigated over 250 civil rights cases, including a trial in which a jury awarded her client over $20 million, and supervised hundreds more while working in the New York City Law Department. Fett Decl. ¶¶ 7, 9-10. The rate plaintiff proposes for Ms. Fett is in line with those awarded to attorneys of comparable experience and skill. *See, e.g., Charles v. City of New York*, 13-CV-3547 (PAE), 2014 WL 4384155, *4 (S.D.N.Y. Sept. 4, 2014) (awarding $450 to experienced

civil rights attorney at small firm); *Tatum v. City of New York,* 06-CV-4290 (PGG), 2010 WL 334975, *4–5 (S.D.N.Y. Jan. 28, 2010) (same).

Attached to Ms. Fett's declaration are the Declarations of Joel Berger and Jon L. Norinsberg, distinguished civil rights attorneys who agree that Ms. Fett's requested hourly rate is reasonable for an attorney of her experience, skill and reputation. Fett Decl. ¶ 13 and Exhibits 1 and 2 thereto.

### C. The Requested Hours Are Reasonable

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Exhibit 1 to the Harvis Declaration contains accurate, detailed and contemporaneous time records maintained by plaintiff's counsel's firm. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed.

Mr. Harvis spent a total of 88.6 hours on this litigation, including .9 hours of paralegal work and 3.8 hours of travel. At his requested hourly rate of $400, with travel billed at half rate and paralegal tasks at $75/hr., plaintiff is requesting $34,387.50. Ms. Fett has billed a total of 6.9 hours to this litigation, including 1 hour

of paralegal time. At her proposed hourly rate of $450 (and $75 per hour for paralegal time) plaintiff Ruqayyah Shabazz is requesting $2,730.00 for her services. Harvis Decl. ¶ 34 and Exhibit 1; Fett Decl. ¶¶ 15-17.

The attorneys' fees sought herein include compensation for the time spent preparing the instant fee application. "It is well established that time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable." *Black v. Nunwood, Inc.*, 13-CV-7207 (GHW), 2015 WL 1958917, *7 (S.D.N.Y. Apr. 30, 2015) (citations omitted). The time submitted for preparing this fee application is 5.9 hours by Mr. Harvis and 1.8 hours by Ms. Fett, which is 8.1% of the total time billed for work on the case. "Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee award." *Black*, 2015 WL 1958917 at *7 (collecting cases).[1]

As reflected in counsel's time records, annexed as Exhibit 1 to the Harvis Declaration, there were no excessive, unnecessary or duplicative expenditures of time. Indeed, every effort was made to work efficiently and quickly. This is borne out by

---

[1] If necessary, plaintiff will supplement her request for fees and costs to reflect all work done on this matter from this point forward – such as a Reply to the defendants' Opposition or work to be performed in response to the Court's actions with respect to this fee application, including any appeal the parties may take.

the time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

Finally, plaintiff respectfully submits that the Court should award $955.21 in costs. *See* Harvis Decl., Exhibit 1 at p. 12 and Exhibit 2. The filing fee of $400 is a critical and unavoidable cost in the case, without which there would be no action. Likewise, $385 for service of process and subpoena fees, $40 for messengers and $101.46 for the transcript of a telephone discovery conference are reasonable expenditures in this case. *See Marquez v. Erenler, Inc.*, 12-CV-8580 (GHW), 2014 WL 5847441, *4 (S.D.N.Y. Nov. 10, 2014) ("Plaintiffs request reimbursement for the court filing and daily transcript fees, as well as expenses incurred for process servers, depositions, and hiring a Spanish interpreter. These costs are all reasonable and courts have allowed them in similar cases.") (collecting cases).

## **CONCLUSION**

For the foregoing reasons, the Court should award plaintiff the entirety of the legal fees requested, in the amount of $37,117.50, as well as $135 for the work of paralegal Tatiana Strickland and costs in the amount of $955.21, for a total award of $38,207.71.

Dated: July 30, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*

To: David Cooper, Esq. (by ECF)