UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RUQAYYAH SHABAZZ,

                                 Plaintiff,

             -against-

CITY OF NEW YORK; Police Officer GUISSEPPE
MURIALE, Shield No. 5291; Sergeant WILLIAM
KELSCH, Shield No. 99; and JOHN and JANE DOE 1
through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------------ x

**DECLARATION**

14 Civ. 6417 (GHW)

        **DAVID COOPER**, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, declares that the following is true and correct:

        1.      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants City of New York, Police Officer Guisseppe Muriale, and Sergeant William Kelsch.  As such, I am familiar with the facts and circumstances of this action.  This declaration is submitted to put forth certain facts and documents before the Court in support defendants' opposition to plaintiff's motion for attorneys' fees and costs.

        2.      I took over representation of the case in June 2013.  Before it was assigned to me, the case was handled by former Special Assistant Corporation Counsel Jennifer Schuman. Special Assistant Corporation Counsel Schuman represented defendants in this action from the initiation of the lawsuit, through the mediation session held of March 11, 2015, under the Southern District of New York's Plan for Certain § 1983 Cases Against the City of New York ("Section 1983 Plan"), up until the end of June 2015.

3.       Annexed as Exhibit A is the civil complaint for <u>Ruqayyah Shabazz v. City of New York, et al.,</u> No. 14 Civ. 6417 (GHW), which shows, among other things, that plaintiff filed a civil complaint on August 12, 2014 that commenced this action.

4.       Annexed as Exhibit B is a Letter addressed to the Honorable Gregory H. Woods, dated June 23, 2015, which outlines a brief history of relevant parts of the litigation in this matter.

5.       Annexed as Exhibit C is the Slip Opinion in <u>Lucas v. Port Authority,</u> No. 12 Civ. 3096 (CM) dated Feb. 12, 2014, which is cited in defendants' memorandum of law and set an hourly rate of $350 for Mr. Gabriel Harvis and Ms. Baree Fett, attorneys for plaintiff, on February 12, 2014.

6.       Annexed as Exhibit D is the Docket Sheet for <u>Ruqayyah Shabazz v. City of New York, et al.,</u> which shows, among other things, the dates for the mediation sessions scheduled.

7.       Plaintiff filed a complaint in this action on August 12, 2014, alleging numerous state and federal claims as a result of her arrest on April 16, 2014.  (<u>See</u> Cooper Decl. Ex. A [Compl.])

8.       Specifically, plaintiff's complaint alleged unlawful stop and search, false arrest, state law false imprisonment and false arrest, unreasonable force, state law assault and battery, denial of constitutional right to fair trial, negligent hiring/training/retention, intentional infliction of emotional distress, negligent infliction of emotional distress, and failure to intervene.  (<u>See</u> Cooper Decl. Ex. A [Compl.])

9.       Under the terms of the Section 1983 Plan, plaintiff was to serve medical releases "for all medical and psychological treatment records" at the same time she served the § 160.50 Release.

10.       Upon information and belief, the complaint and the § 160.50 Release were served on or about August 13, 2015; the only medical release served with those documents was a release for Bodhizone Physical Therapy.  (<u>See</u> Cooper Decl. Ex. B [June 23, 2015 Letter], at 3.)

11.     A mediation session was scheduled for February 11, 2015.  (See Cooper Decl. Ex. D [Shabazz Docket Sheet], at ECF entry dated Jan. 13, 2015.)

12.     On January 29, 2015, plaintiff provided medical records for Bodhizone Physical Therapy.  The earliest entry in those records was from June 17, 2014—2 months after the alleged incident.  In the Bodhizone Physical Therapy intake evaluation form, there are entries in the "past medical history section" which refer to, among other things, "slipped disks."  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3-4.)

13.     The Section 1983 Plan mandates that medical releases for all treatment sought for the pre-existing condition be provided at the initial stage of a case, at the same time the 160.50 Release is served, when "plaintiff has a pre-existing physical . . . condition that reasonably appears to be related to the injury for which compensation is sought."  The Section 1983 Plan also provides that "[f]ailure to so serve the . . . Medical Release(s) for any physical or mental injury will constitute a waiver of plaintiff's claims for compensation for that physical or mental injury."

14.     Upon information and belief, no such releases were provided for the pre-existing condition.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3-4.)

15.     The next day, January 30, 2015—2 weeks before the scheduled mediation and over 5 months after the complaint was filed—plaintiff provided a second medical release for Dr. James Chin.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3.)

16.     Shortly thereafter, the mediation was rescheduled for March 11, 2015.  (See Cooper Decl. Ex. D [Shabazz Docket Sheet], at ECF entry dated Feb. 19, 2015.)

17.     On March 5, 2015, several days before the rescheduled mediation was to take place, plaintiff provided defendants with medical records from Dr. Chin.  The earliest entry in those records appeared on April 24, 2014, over a week after the alleged incident.  SACC Schuman repeatedly inquired into whether there were additional records from closer to the incident date.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3.)

18.     Mediation took place on March 11, 2015 but was ultimately unsuccessful.  (See Cooper Decl. Ex. D [Shabazz Docket Sheet], at ECF entry dated Feb. 19, 2015 and ECF No. 15.)

19.     On May 15, 2015, plaintiff disclosed a copy of a subpoena that had been issued to Linda R. Tallaken, PA.  Defendants were unaware of the existence of this individual provider up until that date, and plaintiff provided no prior medical release for Ms. Tallaken.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3-4.)

20.     On May 26, 2015, plaintiff disclosed medical records from another provider, Advantage Care Physicians, which were closer in date to the incident than any previously-disclosed medical records.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3.)

21.     Upon information and belief, plaintiff had not provided a medical release for that provider.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 3.)

22.     Prior to May 26, 2015, mediation occurred but had been unsuccessful, in large part because of the incomplete production of medical records—in clear violation of Local Civil Rule 83.10—hampered defendants' ability to effectively value this case.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 2 n.3.)

23.     After that point, the City engaged in good faith settlement negotiations with plaintiff to attempt to resolve this matter.  By June 18, 2015, the parties were close to a settlement agreement, and on June 19, 2015, plaintiff made a demand of $45,000 to settle the matter.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 2.)

24.     Upon information and belief, SACC Schuman was out of the office on June 19, 2015 and returned on June 22, 2015.  SACC Schuman—through considerable effort—obtained additional settlement authority in the matter, and on June 22, 2015, she offered plaintiff $42,500 to resolve the matter.  When this offer was rejected, this Office obtained and offered the additional $2,500 to meet plaintiff's $45,000 demand.  However, plaintiff informed SACC Schuman that the June 19 demand was good for one day only and then increased the demand to $60,000.  (See Cooper Decl. Ex. B [June 23, 2015 Letter], at 2.)

25.     On July 15, 2015, after this case had been transferred to the undersigned, plaintiff accepted a Rule 68 Offer of Judgment for $30,001.


Dated:  New York, New York
        August 14, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel
                                        of the City of New York
                                        *Attorney for Defendants City, Kelsch, and Muriale*
                                        100 Church Street, Rm. 3-176
                                        New York, New York 10007
                                        (212) 356-3535

                                        By:   _____
                                               DAVID COOPER
                                               Assistant Corporation Counsel


To:     <u>VIA ECF</u>
        Gabriel Paul Harvis
        Harvis, Wright & Fett LLP
        305 Broadway, 14th Floor
        New York, NY 10007