USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RUQAYYAH SHABAZZ,                                             :
                                                              :
                              Plaintiff,                      :     1:14-cv-6417-GHW
                                                              :
              -against-                                       :     MEMORANDUM OPINION
                                                              :          AND ORDER
CITY OF NEW YORK; POLICE OFFICER                              :
GUISSEPPE MURIALE, Shield No. 5291;                           :
SERGEANT WILLIAM KELSCH, Shield No. 99;                       :
and JOHN AND JANE DOE 1 THROUGH 10,                           :
individually and in their official capacities (the            :
names John and Jane Doe being fictitious, as the              :
true names are presently unknown),                            :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Plaintiff Ruqayyah Shabazz filed this case on August 12, 2014, alleging that she was falsely arrested at a subway station while on her morning commute to work. Ms. Shabazz exited her train at the 86th Street – Lexington Avenue Station due to a disruption of service. First. Am. Compl. at ¶¶ 17–18, Dkt. No. 6. While awaiting transfer instructions, Ms. Shabazz alleged that defendant Officer Muriale accused her of entering the station without payment, and proceeded to arrest her. *Id.* at ¶¶ 22–25. Despite protestations from an MTA employee that Ms. Shabazz had been a passenger awaiting transfer instructions, Ms. Shabazz alleged that Officer Muriale declined to release her from custody, and she was charged with theft of services and trespass. *Id.* at ¶¶ 26–28, 37. Ms. Shabazz's criminal charges were subsequently adjourned in contemplation of dismissal. *Id.* at ¶ 39. Ms. Shabazz alleged that she has required medical treatment, including physical therapy, as a result of injuries suffered during her arrest. *Id.* at ¶ 41.

Plaintiff brought claims for various constitutional violations under 42 U.S.C. §§ 1983 and 1988 as a result of the arrest, as well as related state law claims.  The case initially proceeded under Local Civil Rule 83.10 Plan for Certain Section 1983 Cases against The City of New York, but the mediator reported that the mediation session held on March 11, 2015 was unsuccessful.  Dkt. No. 14.  The Court held an initial pretrial conference with the parties on March 31, 2015, and shortly thereafter entered a case management plan and scheduling order setting deadlines for discovery.  Dkt. Nos. 15, 17.  Defendants subsequently requested an extension of the discovery deadlines, which the Court granted on June 29, 2015.  Dkt. No. 30.

On June 25, 2015, defendants served upon plaintiff an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $30,001, plus reasonable attorney's fees, expenses, and costs.  Plaintiff accepted the offer of judgment on July 15, 2015, and judgment was entered on July 17, 2015.  Dkt. Nos. 33, 36.  In accordance with the express terms of the offer of judgment, plaintiff now moves for an award of attorney's fees, expenses, and costs.  For the reasons stated below, the Court awards plaintiff $31,300 in attorney's fees and $955.21 in costs.

## II.   DISCUSSION

### A.  Calculation of Attorney's Fees

The Court has discretion in determining the appropriate amount of the fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Supreme Court has explained that "[t]his is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."  *Id.*; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential.").

The Second Circuit's approach to determining an appropriate attorney's fee award requires the Court to calculate a "presumptively reasonable fee," which is the product of:  (1) a reasonable

2

hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)). Courts in this circuit employ the same procedures for determining such fees in the context of a Rule 68 settlement as used for judgments awarded at trial. *See, e.g., Barbour v. City of White Plains,* 700 F.3d 631, 633 (2d Cir. 2012) (per curiam) (citing to and approving district court's use of lodestar calculation in determining attorney's fees after Rule 68 settlement).

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Plaintiff's counsel submitted documentation of their work, including time records for each attorney and an explanation of the hourly rates sought for each attorney. *See* Mem. of Law in Supp. of Pl's. Mot. Attorneys' Fees and Costs ("Plaintiff's Memo"), Dkt. No. 42; Harvis Decl., Dkt. No. 43 (including exhibits); Fett Decl., Dkt. No. 44.

### B. Reasonable Hourly Rates

A reasonable hourly rate is one which a "paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. To find a reasonable hourly rate, the Court must determine whether the rates requested by plaintiff's counsel are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In order to make this determination, courts receive

guidance from: "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (citing *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)).

Plaintiff requests a rate of $400 per hour for Gabriel P. Harvis, who graduated from Brooklyn Law School in 2006. After graduating from law school, Mr. Harvis was appointed Assistant Corporation Counsel for the City of New York, working in the City Law Department's Special Federal Litigation Division. Mr. Harvis entered private practice in 2010, founding a predecessor firm to his current firm of Harvis Wright & Fett LLP. Mr. Harvis's firm specializes in civil rights litigation, and he has appeared as lead counsel in over 300 federal civil rights cases in the Southern and Eastern Districts of New York. *See* Plaintiff's Memo at 3–5; Harvis Decl. at ¶¶ 2–18. Plaintiff also requests a rate of $200 per hour for Mr. Harvis's travel time, and a paralegal rate of $75 per hour for administrative tasks performed by Mr. Harvis. Harvis Decl. at ¶ 41.

Plaintiff requests a rate of $450 per hour for Barree N. Fett, who graduated from the Sandra Day O'Connor College of Law at Arizona State University. Ms. Fett was admitted to practice law in New York in 1999. Ms. Fett worked as an associate at a small firm in 1999, focusing primarily in civil rights litigation. In 2007, Ms. Fett was appointed Assistant Corporation Counsel for the City of New York, working in the City Law Department's Special Federal Litigation Division. Ms. Fett was promoted to Senior Counsel in the Special Federal Litigation Division in 2011. In August 2012, Ms. Fett re-entered private practice, joining Mr. Harvis at Harvis Wright & Fett. Since joining her current firm, Ms. Fett has appeared as counsel of record in 117 civil rights cases in the Southern and Eastern Districts of New York. *See* Plaintiff's Memo at 5–6; Fett Decl. at ¶¶ 2-11. Plaintiff also seeks a paralegal rate of $75 per hour for administrative tasks performed by Ms. Fett. Fett Decl. at ¶ 18.

Plaintiff requests a rate of $75 for Tatiana Strickland, a paralegal at Harvis Wright & Fett. Ms. Strickland has worked at Harvis Wright & Fett for three years, and prior to that spent an unspecified amount of time at the Kings County District Attorney's Office. Harvis Decl. at ¶ 41.

Courts in this district have generally determined that the range of appropriate fees for experienced civil rights litigators is between $350 and $450 per hour. *Rosado v. City of New York*, No. 11-cv-4285 (SAS), 2012 WL 955510, at *1 (S.D.N.Y. Mar. 15, 2012) (awarding $350 per hour for attorney with at least three years' experience in civil rights and nine years' experience in general litigation); *Echevarria v. Insight Med., P.C.*, No. 13-cv-710 (KPF), 2015 WL 1931284, at *4 (S.D.N.Y. Apr. 29, 2015) (awarding $375 per hour for civil rights attorney with six years' experience); *Dancy v. McGinley*, No. 11-cv-7952 (LMS), 2015 WL 6693326, at *5–6 (S.D.N.Y. Sept. 21, 2015) (awarding $400 per hour for experienced civil rights attorney with more than two decades of experience); *Agyapong v. Bohan*, No. 11-cv-586 (VB), 2013 WL 1687737, at *2 (S.D.N.Y. Apr. 9, 2013) (awarding $400 per hour for attorney who has been practicing law since 1980 and litigated 400 civil rights cases); *Finch v. N.Y. State Office of Children & Family Servs.*, 861 F. Supp. 2d 145, 154–55 (S.D.N.Y. 2012) (awarding $450 per hour for attorney with forty-two years' experience).

The Court finds that the hourly rates requested for Mr. Harvis are excessive. Mr. Harvis was awarded a rate of $350 per hour in February 2014 by a court in this district. *Lucas v. Port Authority*, 12-cv-3096 (CM) (S.D.N.Y. Feb. 12, 2014). Although plaintiff contends that another court in this district more recently found a rate $400 per hour to be reasonable for Mr. Harvis, *see Campbell v. City of New York*, No. 15-cv-2088 (PAE), 2015 WL 7019831 (S.D.N.Y. Nov. 10, 2015), that overstates the court's finding in *Campbell*. There, the court used a rate of $400 per hour—which was the rate included in an invoice prepared by Mr. Harvis and submitted to the court—to determine a lodestar calculation for Mr. Harvis. *Id.* at *5. The lodestar calculation was in turn used as a baseline to determine whether the contingency-fee arrangement at issue was reasonable. *Id.* After determining that the contingency award was less than the lodestar calculation, the court found that the

5

contingency award was reasonable. *Id.* Thus, although the court in *Campbell* found that the rate of $400 per hour was "appropriate" for use in the lodestar calculation, *id.* at *5 n.1, the court did not expressly find that this rate was reasonable for an award of attorney's fees for Mr. Harris, and the Court did not award attorney's fees for Mr. Harvis at the $400 per hour rate.

Given Mr. Harvis's level of experience, the Court finds that a rate of $350 per hour is reasonable and in line with this district's standard. The Court also approves a rate of $175 per hour for Mr. Harvis's travel time, which represents a 50% reduction of his reasonable hourly rate. *See Brig v. Port Auth. Trans Hudson*, No. 12-cv-5371 (RPP), 2014 WL 1318345, at *4 (S.D.N.Y. Mar. 28, 2014) ("Although it is within the Court's discretion to compensate counsel for travel time at full hourly rates, courts in the Second Circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates.") (brackets omitted) (quoting *Wilder v. Bernstein,* 975 F. Supp. 276, 283–84 (S.D.N.Y. 1997)).

The Court finds that the hourly rates requested for Ms. Fett are also excessive in the context of this litigation. Ms. Fett seeks to be compensated for a total of 5.9 hours of legal work, which include her "initial meeting with Ms. Shabazz, the preparation of plaintiff's portion of a joint letter to the Court, the preparation of the instant declaration [in support of attorney's fees], and a few phone calls and e-mails exchanged with [Ms. Shabazz] and defense counsel." Fett Decl. at ¶ 15. Ms. Fett had only limited involvement in the case, and the tasks she performed do not support her requested rate. Bearing in mind that a reasonable client "wishes to spend the minimum necessary to litigate the case effectively," *Arbor Hill*, 522 F.3d at 190, the Court finds that a reasonable client would not pay Ms. Fett's rate of $450 per hour for the straightforward tasks she performed, when the Court has found that the reasonable rate for Mr. Harvis—the lead counsel in the matter—was only $350 per hour. As a result, the Court approves a rate of $350 per hour for Ms. Fett.

Finally, the Court approves the requested rate of $75 per hour for paralegal and administrative work performed by Mr. Harvis, Ms. Fett, and Ms. Strickland, which defendants do

not oppose. *See Salama v. City of New York*, No. 13-cv-9006 (PKC), 2015 WL 4111873, at *3 (S.D.N.Y. July 8, 2015) (finding that $75 per hour is customary billing rate for paralegals in this district).

### C. Time Reasonably Expended

To determine a reasonable number of hours of work for a particular case, courts first look for documentation in the form of "contemporaneous time records," which "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also consider "its own familiarity with the case and its experience with the case and its experience with the case generally." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)). "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." *Id.* Finally, billing judgment must be factored into the equation. *Hensley*, 461 U.S. at 434; *DiFilippo*, 759 F.2d at 235.

#### 1. *Time Spent on Administrative or Clerical Work*

Defendants oppose the number of hours billed by plaintiff's counsel, noting that a number of tasks billed at an attorney rate would have been more appropriately delegated to a paralegal. "Courts regularly reduce the rate billed by attorneys for work done on administrative or clerical tasks." *Tatum v. City of New York*, No. 06-cv-4290 (PGG) (GWG), 2010 WL 334975, at *9 (S.D.N.Y. Jan. 28, 2010). "Attorneys engaged in clerical tasks should be compensated at the rate for clerical employees, or, if the task at issue is the type included in overhead, they should not be compensated at all." *Id.* (internal quotation marks omitted) (quoting *Rozell v. Ross–Hoist,* 576 F. Supp. 2d 527, 540 (S.D.N.Y. 2008)).

Defendants identify twenty-three entries that they argue should not have been billed at the attorney rate. These entries include time Mr. Harvis spent conducting internet searches, reviewing ECF notices, updating calendar entries, preparing civil cover sheets and affidavits of service, and

requesting medical records. Although plaintiff's counsel requested a paralegal rate of $75 per hour for certain administrative tasks performed by counsel, the entries identified by defendants were billed at the full attorney rate of $400 per hour.

The Court finds that the twenty-three entries were clerical or more suitable for a paralegal, rather than an attorney with the experience of Mr. Harvis.[1]  *See e.g., Tatum*, 2010 WL 334975, at *9 (awarding paralegal rates for attorney time spent monitoring case's progress on ECF, preparing affidavits of service, and reviewing and updating a waiver of service); *Berrian v. City of New York*, No. 13-cv-1719 (DLC) (DF), 2014 WL 6611356, at *13 (S.D.N.Y. July 28, 2014) (characterizing time spent obtaining medical records as "primarily administrative"), *report and recommendation adopted in part*, No. 13-cv-1719 (DLC), 2014 WL 6604641 (S.D.N.Y. Nov. 21, 2014); *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11-cv-5243 (GBD) (FM), 2012 WL 5462602, at *7 (S.D.N.Y. Nov. 8, 2012) (characterizing time spent performing Google searches as "ministerial tasks" and finding reduction in number of hours warranted), *report and recommendation adopted*, No. 11-cv-5243 (GBD) (FM), 2014 WL 1092847 (S.D.N.Y. Mar. 17, 2014). Accordingly, the Court will reduce the rate charged for 3.9

---

[1] The twenty-three entries are:  (1) 5/29/2014 – "Internet research re MTA witness" – 0.30 hours; (2) 6/13/2014 – "Internet/pacer search for arresting officer Muriale" – 0.40 hours; (3) 7/11/2014 – research "Internet re process for obtaining metrocard swipe records from MTA" – 0.40 hours; (4) 7/31/2014 – review "Ltr requesting physical therapy records" – 0.10 hours; (5) 8/8/2014 – phone call "with NYPD assignment desk re defendant's current command – 0.10 hours; (6) 8/12/2014 – "Prepare summons and civil cover sheet" – 0.30 hours; (7) 8/13/2014 – review "ECF notifications re case filing" –  0.10 hours; (8) 8/19/2014 – review "Affidavits of service re CNY and Muriale" – 0.10 hours; (9) 8/21/2014 – calendar "SDNY § 1983 Plan deadlines" – 0.10 hours; (10) 9/5/2015 – review "Second request to physical therapy provider for client recs" – 0.10 hours; (11) 9/22/2014 – review "3rd request for physical therapy recs" – 0.10 hours; (12) 10/24/2014 – review "Ltr to physical therapy provider re status of records" – 0.10 hours; (13) 11/3/2014 – review "ECF notices re § 1983 Plan – 0.10 hours; (14) 11/10/2014 – "Internet research re assigned mediator" – 0.25 hours; (15) 12/9/2014 – "Prepare subpoena to MTA re fare history of plaintiff's metrocard" – 0.50 hours; (16) 12/15/2014 – review "affidavit of service re MTA subpoena" – 0.10 hours; (17) 12/16/2014 – review "ECF notice re deficient request for issuance of summons" – 0.10 hours; (18) 1/9/2015 – review "Affidavit of service re Kelsch" – 0.10 hours; (19) 2/3/2015 – review "Ltr to Dr. Chin requesting medical records" – 0.10 hours; (20) 2/23/2015 – review "Ltr re 2nd request for med recs from Dr. Chin" – 0.10 hours; (21) 3/9/2015 – review "Ltr re 3rd request to Dr. Chin for med recs" – 0.10 hours; (22) 3/27/2015 – email "TS re status of medical records" – 0.10 hours; (23) 4/1/2015 – review "ltr to Dr. Tallaksen re requesting med recs" – 0.10 hours.

hours of work that Mr. Harvis billed for those twenty-three entries to the paralegal rate of $75 per hour.

### 2. *Percentage Reduction*

Defendant next argues that an across-the-board percentage reduction is appropriate to exclude unreasonable hours, given the number of time entries billed at attorney hours for administrative or clerical work, as discussed above. A district court may, in its discretion, "make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other administrative tasks." *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011) *aff'd sub nom. E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 487 F. App'x 619 (2d Cir. 2012).

The Court declines to make an across-the-board percentage reduction. The twenty-three separate time entries identified by defendants only amount to 3.9 total hours, and the Court recognizes that "[t]he time spent delegating the[se] task[s] could very well exceed the time spent" by Mr. Harvis performing some of the tasks himself. *See Wilder*, 975 F. Supp. at 285. Moreover, the Court finds that the remaining time records submitted by plaintiff's counsel are reasonable. Thus, an across-the-board-percentage reduction is inappropriate.

### 3. *Failure to Serve Medical Releases*

Defendants also seek to entirely exclude 10.7 hours billed by plaintiff's counsel in connection with mediation and settlement. Defendants contend that such a reduction is appropriate because plaintiff failed to serve all medical releases concerning treatment for her alleged injuries at the time she served her complaint, as required by Local Civil Rule 83.10(1)(b). Plaintiff timely served a medical release related to physical therapy for her alleged injuries, but did not serve the remaining medical releases until March 2015 and May 26, 2015, respectively. Because the court-ordered mediation session occurred on March 11, 2015, and defendants did not have all required medical releases until May 26, 2015, defendants argue that they did not have sufficient information to make an informed decision regarding the value of this case until after the mediation session

occurred. Thus, defendants seem to argue that the time plaintiff's counsel spent preparing for mediation was wasted, and should be disregarded.

The Court believes that a reduction in hours is an inappropriate remedy to resolve a long-since moot discovery dispute that was never formally raised to the Court. Local Civil Rule 83.10(9) requires: "If any party fails to comply with any requirement under this Rule, the other party shall promptly write to the presiding judge indicating the nature of the failure and requesting relief." Defendants did not request relief for plaintiff's purported failure prior to this motion. Although the mediation session was ultimately unsuccessful, the Court declines to draw the speculative conclusion that the parties would have settled the case had the releases been timely provided. As a result, the Court has no basis to exclude the hours expended in connection with mediation, which were otherwise reasonable.

### 4. *Alternative Fee Calculation*

Finally, defendants argue that the Court should consider an alternative fee calculation, and award attorney's fees based on a percentage of recovery, rather than use of the lodestar calculation. In particular, defendants note that the amount of attorney's fees sought by plaintiff is greater than the amount recovered by plaintiff, and thus not reasonable.

Defendant's argument is unavailing—the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Barbour*, 700 F.3d at 635 (quoting *Kassim v. City of Schenectady,* 415 F.3d 246, 252 (2d Cir. 2005) (upholding district court's award of $290,997.94 in attorney's fees and costs where plaintiffs accepted Rule 68 offer of judgment for $30,000)). Although the lodestar calculation is not "conclusive in all circumstances," there is nevertheless "a 'strong presumption' that the

lodestar calculation is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The Court finds that the lodestar calculation is reasonable in this case.

### 5. Lodestar Calculation

Accordingly, the Court awards plaintiff $31,300 in attorney's fees as follows:

| Timekeeper | Rate | Hours | Reasonable Fee |
|---|---|---|---|
| Gabriel P. Harvis (Attorney Hours) | $350 | 80 | $28,000 |
| Gabriel P. Harvis (Travel Time) | $175 | 3.8 | $665 |
| Gabriel P. Harvis (Paralegal Hours) | $75 | 4.8 | $360 |
| Barree N. Fett (Attorney Hours) | $350 | 5.9 | $2,065 |
| Barree N. Fett (Paralegal Hours) | $75 | 1.0 | $75 |
| Tatiana Strickland | $75 | 1.8 | $135 |

**D. Costs**

In addition to attorney's fees, plaintiff seeks reimbursement for costs, in accordance with the terms of the offer of judgment. "Costs are defined as 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Apolinario* v. *Luis Angie Deli Grocery Inc.*, No. 14-cv-2328 (GHW), 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

Plaintiff requests reimbursement for court filing and transcript fees, as well as expenses for process servers and messengers. Defendants do not object to any of these costs, and the Court finds that plaintiff's requested costs are all reasonable. *See, e.g.*, *Apolinario*, 2015 WL 4522984, at *4 (awarding filing and transcript fees, and postage, process servers, and interpreter expense); *Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses); *Kadden v. VisuaLex, LLC*, No. 11-cv-4892 (SAS), 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding

filing fee and deposition, process server, and transcript expenses). Accordingly, the Court finds that plaintiff is entitled to $955.21 in costs

### III. CONCLUSION

Plaintiff is entitled to $31,300 in attorney's fees and $955.21 in costs. The Clerk of Court is directed to enter judgment for the plaintiff, against defendants, jointly and severally, in the amount of $32,255.21; and to terminate the motion pending at Dkt. No. 41.

SO ORDERED.

Dated: December 2, 2015  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge